**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2012

Lyle W. Cayce
Clerk

No. 11-50914
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GENE DALE GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-549-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gene Dale Guerrero, convicted following a conditional guilty plea of possession with intent to distribute methamphetamine, challenges the district court's denial of his motion to suppress evidence, arguing that (1) the search warrant was so facially deficient that the officers executing the search could not presume the warrant to be valid for purposes of invoking the good faith exception to the exclusionary rule, (2) the district court erred in denying the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to suppress evidence because the search warrant violated Texas law, and (3) the affidavit supporting the search warrant was a "bare bones" affidavit.

In reviewing a district court's denial of a motion to suppress, this court considers questions of law de novo and will reverse factual findings only if they are clearly erroneous. *United States v. Raney*, 633 F.3d 385, 389 (5th Cir. 2011). This court views the evidence in the light most favorable to the prevailing party and may affirm the denial of the motion on any basis established by the evidence. *Id.*; *United States v. Aguirre*, 664 F.3d 606, 610 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1949 (2012).

We engage in a two-step inquiry when reviewing a district court's denial of a motion to suppress. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). First, we determine whether the good faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897 (1984), applies. *Id.* If so, no further analysis is conducted and the district court's denial of the motion to suppress will be affirmed. *Id.* If the good faith exception does not apply, we proceed to the second step, "ensur[ing] that the magistrate had a substantial basis for . . . concluding that probable cause existed." *Id.* (internal quotation marks and citation omitted).

The good faith exception provides "that evidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible" even if the affidavit on which the warrant was grounded was insufficient to establish probable cause. *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997) (internal quotation marks and citation omitted). An officer's reliance on a warrant is not objectively reasonable and, therefore, he is not entitled to invoke the good faith exception, if (1) the judge who issued the warrant acted after being "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the judge who issued the warrant "wholly abandoned his judicial role" and failed to act neutrally, such that "no reasonably

well trained officer should rely on the warrant"; (3) the affidavit upon which the warrant is founded is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and is thus a "bare bones" affidavit; or (4) the warrant authorizing the officer's actions is so "facially deficient" that the executing officers cannot reasonably presume it to be valid. *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks and citation omitted).

To the extent that Guerrero argues that the warrant was facially deficient due to the 2006 date error, the district court found that the warrant, prepared by Officer Phillips, contained a typographical error, reciting, erroneously, that the warrant was issued on August 27, 2006, at 6:25 p.m., rather than on August 27, 2007. The district court determined that the good faith exception to the exclusionary rule applied because Phillips acted in good faith, his reliance on the validity of the search was objectively reasonable, and Phillips's efforts to correct the error in the search warrant were objectively reasonable. As the district court observed, this court has applied the good faith exception to officers executing warrants that were technically in violation of the law because the magistrate failed to sign or date the warrant in signing the application for the warrant. *See United States v. Kelley*, 140 F.3d 596, 601-04 (5th Cir. 1998). Here, Officer Phillips's affidavit provided specific information indicating that the informant was reliable and credible and was based on the informant's personal knowledge from which the magistrate judge could determine that probable cause existed. *See Cherna*, 184 F.3d at 407-08; *Satterwhite*, 980 F.2d at 320-21; *see also United States v. Wylie*, 919 F.2d 969, 974 (5th Cir. 1990).

Guerrero argues that *Kelley* does not control because Officer Phillips made the error in the warrant, not the issuing magistrate, and Phillips did not reasonably rely on a valid warrant. "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the

justice system." *Herrington v. United States*, 555 U.S. 135, 144 (2009). The record reflects that Phillips was "merely negligent" in referencing the year 2006 rather than 2007 in the warrant, and the record does not support a finding of "deliberate, reckless or grossly negligent conduct." *United States v. Allen*, 625 F.3d 830, 840 (5th Cir. 2010), *cert. denied*, 132 S. Ct. 1632 (2012). The date error in the search warrant, resulting from an initial error by Phillips and subsequent oversight by both Phillips and the magistrate judge, does not undermine the district court's determination that the officers executing the warrant acted in good faith. *See Shugart*, 117 F.3d at 844. Nor has Guerrero identified any other error in the warrant that rendered the warrant facially deficient for purposes of the officers' good faith in executing the warrant. *See Mays*, 466 F.3d at 343.

To the extent that Guerrero argues that the search warrant violated Texas law, "[w]hether the Fourth Amendment has been violated is determined solely by looking to federal law on the subject." *United States v. Walker*, 960 F.2d 409, 415 (5th Cir. 1992).

Guerrero argues, for the first time on appeal, that the affidavit supporting the warrant was a "bare bones" affidavit. In this circuit, a defendant's failure to "raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal." *United States v. Pope*, 467 F.3d 912, 918-19 (5th Cir. 2006). However, this court has "often proceeded to evaluate the issues under a plain error standard for good measure." *United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010). Guerrero has not demonstrated error, plain or otherwise, with respect to his argument that the affidavit was a "bare bones" affidavit. *See Pope*, 467 F.3d at 920; *Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.